**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**WILLIAMSON, *et al.*,**

***Plaintiff,***

**v.**

**MORGAN COUNTY, GEORGIA, *et al.*,**

***Defendant.***

**CIVIL ACTION NO.**
**3:26-cv-00052-TES**

**ORDER DENYING MOTIONS TO DISMISS AS MOOT AND DISMISSING PLAINTIFFS' CLAIM FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs—Derrick Williamson, The Way Dynamic Animal Therapy Encounters, Inc., and Paramount Wildlife Incorporated—have filed an amended complaint. [Doc. 22]. Before Plaintiffs filed their amended complaint, Defendants Morgan County, Georgia; Connie Holt; Julie Ruark; Ricky Brown; Christopher Lash; Tiffany Alliston; Chase Young; and Cameron Patak (the "Morgan County Defendants") had already filed a motion to dismiss Plaintiffs' original complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Doc. 1]; [Doc. 18]. Next, Defendant Stephen A. Bradley moved to dismiss Plaintiffs' original complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). [Doc. 15]. Finally, Defendants Wildlife Critters Circle of Life Rehabilitation Center, Inc., Animals on Set, Inc., and "Nicole" Kanoy (the "Kanoy Defendants") also moved to dismiss Plaintiffs' original complaint pursuant to Fed. R.

Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). [Doc. 16].

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Mia.*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating, initial pleading "bec[o]me[s] a legal nullity"). An original complaint can still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). However, an amended complaint that does not incorporate the prior pleading moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (citing cases).

The Court has reviewed Plaintiff's amended complaint and found no reference to, or adoption of, any allegations set forth in its original complaint. Therefore, Plaintiff's amended complaint is the sole operative pleading in this case and renders moot the pending motions to dismiss from the Morgan County Defendants, Defendant Bradley, and the Kanoy Defendants. The Court **DENIES** these motions accordingly. [Doc. 15]; [Doc. 16]; [Doc. 18].

Further, unlike Plaintiffs' original complaint, the amended complaint does not request any preliminary injunctive relief. [Doc. 1, ¶ 130]; [Doc. 22]. Plaintiffs having foregone their claim for preliminary injunctive relief, the Court likewise **DENIES** their motion for preliminary injunction **as moot**. [Doc. 2].

**SO ORDERED**, this 21st day of September, 2026.

S/ Tilman E. Self, III

**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**